UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

GULNAZ COWDER,

                           Plaintiff,

-against-

ADMINISTRATION FOR CHILDREN AND
FAMILIES (ACF), MARY ANN HIGGINS,
DEPARTMENT FOR CHILDREN AND
FAMILIES (DCF) and STEVE DALE,

                           Defendants.

-------------------------------------------------------X



**REPORT & RECOMMENDATION**
**09 CV 628 (RJD)(LB)**

**BLOOM, United States Magistrate Judge:**

By Order dated September 29, 2009, the Court extended plaintiff's time to serve defendants Administration for Children and Families ("ACF") and Higgins to October 30, 2009. See docket entry 13. This was the second extension of time granted to plaintiff. See docket entries 9, 13. Plaintiff has failed to file proof of service or show good cause why service has not been made on defendants ACF and Higgins. Accordingly, it is respectfully recommended that plaintiff's complaint should be dismissed as to defendants ACF and Higgins without prejudice pursuant to Rule 4(m) of the Fed. R. Civ. P.

## BACKGROUND

Plaintiff filed this action pro se on February 13, 2009. See docket entry 1. On February 23, 2009, the Court ordered plaintiff to serve defendants with the summons and complaint by June 15, 2009. See docket entry 2. The Court's Order explicitly stated "if service is not made upon the defendants by June 15, 2009 or plaintiff fails to show good cause why such service has

not been effected, it will be recommended that the Court dismiss this action without prejudice." Id. On July 6, 2009, defendants the Department for Children and Families ("DCF") and Steve Dale returned "Waiver of Service" forms, see docket entries 3, 4, and have moved to dismiss plaintiff's complaint, see docket entry 15.

By Order dated August 21, 2009, the Court extended plaintiff's time to serve defendants ACF and Higgins to September 21, 2009. See docket entry 9. On September 22, 2009, plaintiff filed post office receipts and a copy of a money order. See docket entry 12. By Order dated September 29, 2009, the Court informed plaintiff that postal receipts and a copy of a money order are insufficient to show proper service on defendants ACF and Higgins. See docket entry 13. The Court referred plaintiff to Fed. R. Civ. P. 4(e) and 4(j)(2) for instructions on how to properly serve defendants and to Fed. R. Civ. P. 4(l), which states proof of service must be made by filing the server's affidavit. Id. The Court's Order also extended plaintiff's time to properly serve and file proof of service for defendants ACF and Higgins to October 30, 2009. Id.

By letter dated September 22, 2009 (but received by the Court on October 28, 2009), plaintiff states that the "Sheriff's Office in Boston, MA" served defendants ACF and Higgins and refers the Court to a "certified return" receipt. See docket entry 19. While plaintiff failed to attach the receipt, the Court has previously explained to plaintiff that postal receipts are insufficient to establish proper service. See docket entry 13. Plaintiff also moves for default judgment against defendants ACF and Higgins. See docket entry 20.

## DISCUSSION

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the

plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court twice extended plaintiff's time to serve defendants ACF and Higgins. Plaintiff failed to file proof of proper service by October 30, 2009. Therefore, plaintiff's motion for default judgment against defendants ACF and Higgins is denied as it is without basis and it is respectfully recommended that plaintiff's complaint should be dismissed as to defendants ACF and Higgins without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated: November 10, 2009
      Brooklyn, New York