UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GULNAZ COWDER, individually and on behalf
of MADINA COWDER, infant,

                    Plaintiff,                  **MEMORANDUM & ORDER**

            -against-                    09 CV 0628 (RJD) (LB)

DEPARTMENT FOR CHILDREN AND
FAMILIES (DCF), STEVE DALE, individually
and as commissioner of DCF,

                    Defendants.
------------------------------------------------------------X
DEARIE, Chief Judge.

      Plaintiff Gulnaz Cowder, pro se, brings 42 USC § 1983 claims for (1) violation of due process, (2) unlawful search and seizure, (3) malicious prosecution and abuse of legal process, and (4) unlawful imprisonment and state law claims for (1) negligence and (2) intentional infliction of emotional distress against defendants Vermont Department for Children and Families ("DCF") and its commissioner Steve Dale in both his official capacity and individually.[1] Plaintiff's claims arise out of allegations that employees of DCF placed her daughter in foster care for five months without probable cause to believe that plaintiff abused or neglected the child. Plaintiff alleges that this occurred because DCF and Dale failed to properly train and supervise those employees. The only relief plaintiff's complaint requests is monetary damages. Defendants move to dismiss the claims against DCF and Dale in his official capacity under

---

[1] Plaintiff also brought claims against the Administration for Children and Families and region one administrator Mary Higgins in her individual and official capacity. Claims against those defendants were dismissed for insufficient service of process on March 1, 2010.

Federal Rule of Civil Procedure 12(b)(1) because they are barred by sovereign immunity.[2] For the following reasons, defendants' motion to dismiss is granted.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(1), a court must grant a motion to dismiss when it lacks subject matter jurisdiction. "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." Sharkey v. Quarantillo, 541 F.3d 75, 82-83 (2d Cir. 2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)). In reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). The Court is also mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted).

"[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a state in federal court." Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state's waiver of sovereign immunity must be "unequivocally expressed." Pennhurst State School & Hosp. et al. v. Halderman et al., 465 U.S. 89, 99 (1984). Similarly, for Congress to abrogate Eleventh Amendment immunity, "[the Supreme Court] has required an unequivocal expression of congressional intent to 'overturn the constitutionally guaranteed immunity of the

---

[2] Defendants do not request dismissal of the claims against Dale in his individual capacity in their motion papers.

2

several states.'" Id. (quoting Quern v. Jordan, 440 U.S. 332, 342 (1979)). Sovereign immunity extends to state agencies and state employees acting in their official capacities since the state is the true party at interest. See Graham, 473 U.S. at 169; Pennhurst, 465 U.S. at 101-02.

Courts have long held that Congress did not override the sovereign immunity of the states with § 1983. See Feingold v. New York et al., 366 F.3d 138, 149 (2d Cir. 2004) (citing Quern, 440 U.S. at 341)). Furthermore, there is no indication that Vermont has waived its sovereign immunity against § 1983 claims for monetary damages. See Barron v. Dale, No. 1:08 CV 214, 2009 WL 2179686, at *2 (D. Vt. July 22, 2009) (dismissing all § 1983 claims against DCF employees in their official capacities based on sovereign immunity except for those that asked for prospective injunctive relief); Vermont Tort Claims Act, 12 V.S.A. § 5601(g) ("Nothing in this chapter waives the rights of the state under the Eleventh Amendment of the United States Constitution."). Because a waiver needs to be explicit, DCF has not waived its immunity by taking part in federal programs, accepting federal funds, or agreeing to follow federal laws. See Florida Dept. of Health and Rehabilitation Services et al. v. Florida Nursing Home Ass'n et al., 450 U.S. 147, 149-150 (1981); Edelman v. Jordan, 415 U.S. 651, 673-74 (1974).

Even if plaintiff were able to establish jurisdiction over defendants, plaintiff would still not be able to sustain a § 1983 claim because § 1983 only applies to "persons" acting under the color of state law. "Government entities that are considered arms of the State for Eleventh Amendment purposes," such as DCF, are not persons under § 1983. Will v. Michigan Dept. Of

State Police, et al., 491 U.S. 58, 70 (1989). Additionally, state officials acting in their official capacity are not persons under § 1983 because the "suit is against the official's office." Id. at 71.

Because plaintiff's § 1983 claims against DCF and Dale in his official capacity are barred by sovereign immunity, the Court also does not have pendant jurisdiction to hear plaintiff's state law claims against those defendants. Pennhurst, 465 U.S. at 121.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss the claims against defendants DCF and Steve Dale in his official capacity is granted.

SO ORDERED.

Dated: Brooklyn, New York
      September ___, 2010

                                          s/ Judge Raymond J. Dearie

                                          RAYMOND J. DEARIE
                                          United States District Judge