UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GULNAZ COWDER, individually and on behalf
Of MADINA COWDER, infant,

                    Plaintiff,

- against -

STEVE DALE, individually,

                    Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

09 CV 0628 (RJD) (LB)

DEARIE, District Judge.

On September 27, 2010, the Court dismissed the claims plaintiff brought against the Vermont Department for Children and Families ("DCF") and Steve Dale ("Dale") in his official capacity as Commissioner of DCF. See Cowder v. Dep't for Child. & Fam. (DCF), No. 09 CV 0628(RJD)(LB), 2010 WL 3834008 (Sept. 27, 2010). As the defendants' motion papers did not request dismissal of the claims against Dale in his individual capacity, the Court did not address such claims. See id. at *1 n. 2. On October 7, 2010, Dale then moved separately to dismiss plaintiff's claims against him in his individual capacity under Federal Rule of Civil Procedure 12(b)(2), (3), and (5) for failure to serve Dale in his individual capacity, lack of personal jurisdiction, and improper venue. ECF Docket # 31. Although plaintiff was served with Dale's Notice of Motion, Memorandum accompanying the Motion, and Notice to Pro Se Litigant Who Opposes a Rule 12(b) Motion, plaintiff did not respond. See ECF Docket # 35, Certificate of Service. Because plaintiff has failed to demonstrate any factual predicate authorizing the Court to exercise personal jurisdiction over Dale under New York's long-arm statute, N.Y. C.P.L.R. § 302(a) (McKinney 2008), Dale's motion to dismiss is granted under Fed. R. Civ. P. 12(b)(2). The Court thus need not address venue or defect in service.

## DISCUSSION

In evaluating a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "[t]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant," and may do so "by pleading in good faith . . . legally sufficient allegations of jurisdiction." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 208 (2d Cir. 2001) (internal quotations omitted). Personal jurisdiction is assessed in the first instance by looking to the "long-arm statute of the forum state, in this instance New York." Id. New York's long-arm statute, in pertinent part, allows the Court to

> exercise personal jurisdiction over any non-domiciliary . . . [who] commits a tortious act without the state causing injury to person . . . within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

N.Y. C.P.L.R. §§302(a)(3)(i)-(ii). New York's long-arm statute thus has two jurisdictional requirements: (1) plaintiff must have suffered an injury in New York and (2) defendant must have purposefully availed himself of the privileges and protections of the laws of New York through one or more of the means specified in subsections (i) and/or (ii) of N.Y. C.P.L.R. § 302(a)(3).

The Court need not reach the second jurisdictional requirement—which, in any case, plaintiff would be unable to establish—because, as both the complaint and Dale's affidavit attached to his Motion to Dismiss make clear, all of the events giving rise to the lawsuit and all of the alleged injuries occurred in Vermont, not New York. See ECF Docket # 1, Complaint ("Compl.") at 3-5; ECF Docket # 32, Dale Affidavit ¶¶ 2-4, 7-10. It is immaterial that plaintiff ultimately moved back to New York where she alleges that she continued to suffer "extreme humiliation, pain and suffering, terror, mental anguish, severe emotional distress and depression"

2

and her daughter continued to suffer from "recurrent and intrusive recollections of the past events, as well as other symptoms associated with . . . PTSD and clinical depression." Compl. at 5, 10-14. "Courts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the original event which caused the injury." Whitaker, 261 F.3d at 209 (internal quotations omitted); see also Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) ("An injury . . . does not occur within the state simply because the plaintiff is a resident. The situs of the injury is the location of the original event which caused the injury, *not the location where the resultant damages are felt by the plaintiff.*") (internal quotations omitted) (emphasis added).

Plaintiff did not carry her burden to establish that the Court may exercise personal jurisdiction over Dale in his individual capacity.

## CONCLUSION

For the foregoing reasons, Dale's motion to dismiss is granted under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
     May _10_, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge